# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 23-1210-EFM-TJJ

JON TARKOWSKI, et al.,

    *Defendants.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff United States of America (the "Government")'s Second Application for Clerks Entry of Default (Doc. 25). The Government asks that a clerks entry of default be entered against Defendants Capital One, N.A. ("Capital One"), Sedgwick County Treasurer ("SCT"), and Barclays Bank Delaware ("Barclays"). For the reasons stated below, the Court denies the Government's Second Application.

### I.    Factual and Procedural Background

The Government filed its Complaint on September 28, 2023, and issued summons to Capital One, SCT, and Barclays on November 17, 2023. On November 22, 2023, the Government executed corporate service on Capital One by serving a mail clerk, David Fernandez. On November 27, 2023, the Government executed corporate service on SCT by serving the county

clerk office manager, Kathy Brier. Finally, on November 28, 2023, the Government executed corporate service on Barclays by serving the "paralegal authorized to accept service," Peri Hutt.

On December 22, 2023, the Government filed its Summons Returned Executed for each Defendant. The Defendants did not file answers or motions to dismiss.

On February 5, 2024, the Government filed an Application for Clerks Entry of Default. The Court denied that Application in a text order (Doc. 22) because "[s]ervice of two of the companies requested for default does not indicate the person served is authorized to accept service on behalf of the company." On March 8, 2024, the Government refiled the Summons Returned Executed for SCT and Capital One with attachments stating that Ms. Brier and Mr. Fernandez stated they were authorized to accept service for SCT and Capital One respectively. The Government also filed a Second Application for Clerks Entry of Default on March 8, 2024.

## II.     Legal Standard

An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[1] Ordinarily, when a complaint is filed, a defendant must serve an answer within 21 days of service or within 60 days if service is timely waived.[2] In lieu of an answer, a defendant may file a motion to dismiss under Rule 12(b) which alters the due date of a defendant's answer to 14 days after notice of either the court's denial of the motion or the court's postponement of disposition of the motion until trial.[3] Thus, a plaintiff may seek an entry of default if a defendant fails to "plead or otherwise defend" within the time

---

[1] Fed. R. Civ. P. 55(a).

[2] Fed. R. Civ. P. 12(a)(1)(A)(i)–(ii).

[3] Fed. R. Civ. P. 12(a)(4)(A).

constraints established in the Federal Rules of Civil Procedure.[4] However, a plaintiff must show sufficient service of process to a defendant as a prerequisite to entry of default.[5]

### III. Analysis

The Government asks for an clerks entry of default to be entered against Capital One, SCT, and Barclays because they failed to timely respond after they were served. Rule 4 of the Federal Rules of Civil Procedure governs service of process. Relevant here, Rule 4(e)(1) provides that service may be completed in accordance with the forum state's law. Kansas law provides different service options depending on the type of entity that is being served. Service of corporations is governed by K.S.A. § 60-304(e) and service of a county is governed by K.S.A. § 60-304(d). A plaintiff must show that he substantially complied with the applicable service requirements for process to be sufficient.[6] Kansas law defines substantial compliance as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute."[7]

Here, Barclays and Capital One are corporations, whereas SCT is a governmental body of a county. Thus, the Court will analyze whether the Government properly served each Defendant under the respective statutes.

### A. Corporate Service of Process

Under Kansas law, service upon a corporation is governed by K.S.A. § 60-304(e).[8] Specifically, § 60-304(e)(2) states "[s]ervice may be made on a corporation by. . . leaving a copy of the summons and petition or other document at any of its business officers with the person

---

[4] Fed. R. Civ. P. 55(a).

[5] *See Peterson v. Carbon County*, 1998 WL 458555, at *4 (10th Cir. 1998).

[6] *Hueffmeier v. Talentum Empowerment Inst., LLC*, 2023 WL 6849175, at *4 (D. Kan. 2023).

[7] *Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (quoting *Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 127 P.3d 319, 323 (Kan. 2006)).

[8] *Drummond v. Armata Logistics, Inc.*, 2014 WL 2897849, at *2 (D. Kan. 2014).

having charge thereof." Leaving a copy of the summons and complaint with an employee "apparently having charge of that business at the time service of process was attempted" is in substantial compliance with K.S.A. § 60-304(e)(2).[9] However, "[u]nless the return receipt voluntarily indicates that the person who received the package was the 'person in charge of a business office' of the corporation," there is not substantial compliance with K.S.A. § 60-304(e)(2).[10]

Here, the Government utilized corporate service to serve Barclays and Capital One. The Court will address each in turn.

*1.    Barclays*

The Government asserts that Barclays was properly served in compliance with K.S.A. § 60-304(e)(2). The Government served Mr. Hutt, a paralegal who is "authorized to accept service." However, the Return of Service did not indicate that Mr. Hutt was the person in charge of Barclays' business office at the time of service. Therefore, the Government's service of Barclays did not substantially comply with K.S.A. § 60-304(e)(2). As a result, the Court denies the Government's Second Application for Clerks Entry of Default against Barclays.

*2.    Capital One.*

In its Second Application for Clerks Entry of Default, the Government argues that it properly served Capital One in compliance with K.S.A. § 60-304(e)(2). The Government served Mr. Fernandez, a mail clerk. In the refiled Return of Service's attachment, the process server

---

[9] *Sellens v. Telephone Credit Union*, 189 F.R.D. 461, 465 (D. Kan. 1999) (finding there was substantial compliance with the Kansas statute where plaintiff served the secretary who said that she could accept the summons and signed for it); *see also Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 482 (D. Kan. 1994) (finding there was substantial compliance under K.S.A. § 60-304 where plaintiff served the bookkeeper with apparent charge of office); *First Mgmt., Inc. v. Topeka Inv. Grp., LLC*, 47 Kan. App. 2d 233, 238, 277 P.3d 1150, 1155 (2012) ("[W]here a corporate employee is in charge of an office at the time of the service, even if not a manager or officer, personal service can be proper.").

[10] *Porter v. Wells Fargo Bank, N.A.*, 45 Kan. App. 2d 931, 935, 257 P.3d 788, 791 (2011).

signed a written statement which declared that Mr. Fernandez stated he was authorized to accept service for Capital One. Despite the added attachment, the Return of Service is devoid of any indications that Mr. Fernandez was the employee in charge of Capital One's business office at the time of service. As such, the Court is unpersuaded that a mail clerk would be the employee in charge of Capital One's business office. Therefore, Capital One did not receive sufficient service. Accordingly, the Court denies the Government's Second Application for Clerks Entry of Default against Capital One.

**B.     County Service of Process**

Finally, the Government asserts in its Second Application for Clerks Entry of Default that SCT was properly served in compliance with K.S.A. § 60-304(d)(1). Under K.S.A. § 60-304(d)(1), service of process for a county may be executed "by serving one of the county commissioners, the county clerk or the county treasurer[.]" Kansas law establishes that "[w]hen the statute designates a particular recipient for process, courts must enforce that statutory procedure."[11] "Allowing [a] plaintiff to serve someone other than those individuals listed in [§] 60-304(d) would violate the clear language of the statute and would not substantially comply with the statutory requirements."[12]

Here, however, the Return of Service indicates that service was executed via corporate service, not public agency service. As noted above, corporate service is governed by

---

[11] *Rivera v. Riley Cty. Law Bd.*, 2011 WL 4686554, at *3 (D. Kan. 2001) (internal citations and quotations omitted).

[12] *Id*. (finding that a plaintiff did not substantially comply with K.S.A. § 60-304(d) when the plaintiff did not serve any of the individuals designed to accept service for a government agency under the statute); *Schwab v. State of Kansas*, 2016 WL 4039613, at *3–4 (D. Kan. 2016) (holding that a plaintiff did not substantially comply with K.S.A. § 60-304(d)(1) when the plaintiff served a receptionist at the county attorney's office not one of the county commissioners, the county clerk, or the county treasurer); *see Blogref v. Sedgwick Cnty. Sheriff Dep't.*, 2019 WL 2174058, at *1 (D. Kan. 2019) ("[W]hen the statute designates a particular officer to whom process must be delivered and with whom it may be left, . . . no other officer or person can be substituted in her place." (quotation omitted)).

K.S.A. § 60-304(e) not (d)(1). Nevertheless, the Court will analyze whether service was proper to SCT under K.S.A. § 60-304(d)(1) because SCT is a governmental body of the county.

In this case, the Government executed service on SCT by serving Ms. Brier, the county clerk office manager. The Summons, Notice, and Complaint were all addressed to "Sedgwick County Treasurer," which is the appropriate official's title. Additionally, the service was executed at the proper address for SCT's office. However, Ms. Brier is not one of the county commissioners, the county clerk, or the county treasurer. Therefore, the Government's service of SCT does not substantially comply with K.S.A. § 60-304(d)(1). Accordingly, the Court denies the Government's Second Application for Clerks Entry of Default against SCT.

**IT IS THEREFORE ORDERED** that the Government's Second Application for Clerks Entry of Default (Doc. 25) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 27th day of March, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE